[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2005
THOMAS K. KAHN
CLERK

No. 04-13703
Non-Argument Calendar

_____

D.C. Docket Nos. 04-00067-CV-1-DHB & 92-00108 CR-1-D

RAYMOND OUTLER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 25, 2005)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Raymond Outler appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his convictions and sentences. In 1995, Outler filed a motion under Federal Rule of Criminal Procedure 33 challenging his convictions. The district court recharacterized this motion as a § 2255 motion and denied it. When Outler filed a § 2255 motion attacking his conviction in 2004, the district court dismissed this motion as successive. We issued a certificate of appealability (COA) on the following issue:

> Whether the district court violated *Castro v. United States*, 124 S. Ct. 786 (2003), by treating appellant's instant 28 U.S.C. § 2255 motion as impermissibly successive when the court construed appellant's previous Federal Rule of Criminal Procedure 33 motion for a new trial as appellant's "first" § 2255 motion without informing him of the consequences of the recharacterization or giving him the opportunity to withdraw or amend the motion to dismiss?

Neither party has moved to expand the COA.

Outler contends that, because he did not receive notice of the district court's recharacterization of his 1995 motion and did not have an opportunity to amend or withdraw it, this motion did not render his 2004 motion successive.[1]

---

[1] The Government argues that, because the instant § 2255 motion was untimely, the district court's conclusion this motion was successive was harmless error. We decline to address this argument because it is outside of the scope of the COA. However, the Government is free to raise the timeliness issue on remand. The district court should have the opportunity to address this argument in the first instance and make appropriate factual findings.

A criminal defendant may not file a second or successive § 2255 motion unless he first receives leave to do so from the appropriate court of appeals. *United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir. 1999). Of course, for a § 2255 motion to be successive, the defendant must have filed a previous § 2255 motion. In *Castro,* the Supreme Court placed limits upon when a *pro se* pleading which a district court recharactizes as a § 2255 motion will render subsequent § 2255 motions successive.

> [W]hen a district court recharacterizes a *pro se* litigant's motion as a first § 2555 motion . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro*, 124 S. Ct. at 792.

The record contains no indication the district court apprised Outler of its intention to recharacterize his 1995 motion, which was filed under Federal Rule of Criminal Procedure 33, as a § 2255 motion. Furthermore, it does not appear Outler was ever warned his 1995 motion would render subsequent § 2255 motions

3

successive or was given an opportunity to amend or withdraw this motion. Accordingly, the 1995 motion did not render the instant § 2255 motion successive. Because the district court erred by dismissing Outler's § 2255 motion as successive, we vacate its order dismissing Outler's motion, and remand for further proceedings. We express no opinion on whether Outler's motion was timely, an issue which the district court may consider on remand.

**VACATED AND REMANDED.**