[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 05-10896
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 00-00473-CV-DF-5 & 92-00026 CR-DF

STACY FULLWOOD,

Petitioner-Appellant,

versus

R. WILEY, Warden, Federal Correctional
Institution, U.S. Department of Justice,
Federal Bureau of Prisons, Talladega, Alabama,

Respondent,

UNITED STATES OF AMERICA,

Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

----------------------------------------------------------------

**(May 23, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Federal prisoner Stacy Fullwood appeals the district court's dismissal of his "Motion for Recall of Mandate and Reconsideration of § 2255 Denial," (the "Motion for Recall") which the district court construed as an impermissibly successive 28 U.S.C. § 2255 motion. Reversible error exists; we vacate the district court's dismissal order and remand.

In July 2000, Appellant filed a § 2241 petition challenging his sentence. The district court recharacterized this motion as a § 2255 motion and denied it as untimely. We affirmed the district court's decision in October 2002. Appellant filed the Motion for Recall in November 2004, attacking his sentence. The district court sua sponte recharacterized the Motion for Recall as a § 2255 motion, which the court dismissed as successive. We issued a certificate of appealability ("COA") on this issue:

> Whether the district court violated Castro v. United States, 124 S.Ct. 786 (2003), by treating [A]ppellant's "Motion for Recall" as an impermissibly successive § 2255 motion to vacate, when the court construed [his] previous 28 U.S.C. § 2241 petition as [a] "first" § 2255 motion without informing him of the consequences of the recharacterization or giving him the opportunity to amend or withdraw the petition?

Neither party has moved to expand the COA.

Appellant contends that, because he did not receive notice of the district court's recharacterization of his § 2241 petition and he did not have an opportunity to amend or withdraw it, this petition did not render his 2004 Motion for Recall a successive § 2255 motion.[1]

We review <u>de novo</u> the district court's dismissal of a § 2255 motion as second or successive. <u>McIver v. United States</u>, 307 F.3d 1327, 1329 (11th Cir. 2002). A criminal defendant may not file a second or successive § 2255 motion unless he first receives leave to do so from the appropriate court of appeals. <u>United States v. Garcia</u>, 181 F.3d 1274, 1275 (11th Cir.1999). But for a § 2255 motion to be successive, the defendant must have filed a previous § 2255 motion. In <u>Castro</u>, the Supreme Court placed limits on when a <u>pro se</u> pleading, which a district court recharacterizes as a § 2255 motion, will render subsequent § 2255 motions successive.

> [W]hen a [district] court recharacterizes a <u>pro se</u> litigant's motion as a first § 2255 motion . . . the district court must notify the <u>pro se</u> litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend

---

[1]The government argues that, because (1) the § 2241 petition and the Motion for Recall sought the same relief, and (2) the Motion for Recall would be untimely, the district court's conclusion that the motion was successive was harmless error. We decline to address these arguments as outside of the scope of the COA. The Government, however, is free to raise these issues on remand. The district court should have the first opportunity to address these arguments.

3

it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Castro, 124 S.Ct. at 792.

The record contains no indication that the district court advised Appellant of its intention to recharacterize his 2000 § 2241 petition as a § 2255 motion. And we do not see that Appellant was warned that his 2000 petition would render subsequent § 2255 motions successive or that he was given an opportunity to amend or withdraw the petition. The 2000 § 2241 petition, thus, did not render the instant Motion for Recall an impermissibly successive § 2255 motion. The district court erred by dismissing Appellant's Motion for Recall as a successive § 2255 motion: we vacate its order dismissing Appellant's motion and remand for further proceedings. We express no opinion on the timeliness or the merits of Appellant's motion, issues that the district court may consider on remand.

**VACATED AND REMANDED.**

4