[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10499

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 08, 2010
JOHN LEY
CLERK

D. C. Docket No. 91-00428-CR-GET-1

BERNARD GOODEN,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 8, 2010)

Before BARKETT, MARTIN and HILL, Circuit Judges.

BARKETT, Circuit Judge:

A jury convicted Bernard Gooden of federal drug-trafficking crimes in 1993, and we affirmed his conviction on direct appeal in 1996. In 2006, the district court, upon motion by the government, reduced Gooden's sentence based on his substantial assistance, pursuant to Fed. R. Crim. P. 35(b).[1]

In February 2008, Gooden filed a pro se "motion to modify" his sentence, asserting that he was not subject to a period of supervised release. Without notifying or warning Gooden, the district court re-characterized his pro se "motion to modify" as a motion for sentencing relief pursuant to 28 U.S.C. § 2255. As a result of this re-characterization, the district court denied the motion as untimely on the ground that it was filed more than one year after Gooden's conviction became final. See 28 U.S.C. § 2255(f)(1).

Gooden did not appeal from the district court's order, but in June 2008 he filed a pro se "motion to compel" the government to file another Rule 35(b) motion further reducing his sentence. Again without notifying or warning Gooden, the district court re-characterized the motion as a § 2255 motion. As a result of this re-characterization, the district court denied the motion both as

---

[1] Rule 35(b) authorizes the district court, upon motion by the government, to reduce a defendant's sentence after it has been imposed where the defendant provides substantial assistance in the investigation or prosecution of another person.

untimely under § 2255(f)(1) and as an unauthorized second or successive § 2255 motion filed without the requisite permission of this Court.

We granted a certificate of appealability on whether the district court improperly denied Gooden's pro se "motion to compel" as an unauthorized second or successive § 2255 motion.[2]

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). However, where the district court re-characterizes a pro se litigant's motion as a first § 2255 motion, it can have serious consequences because it subjects any subsequent § 2255 motion to the restrictive conditions that federal law imposes upon a second or successive § 2255 motion. See 28 U.S.C. § 2255(h). "Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998).

---

[2] "We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive." McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).

Recognizing this dilemma, the Supreme Court in <u>Castro v. United States</u>, 540 U.S. 375 (2003), followed the practice adopted by a majority of the circuits and instituted a prophylactic notice and warning requirement. The Supreme Court held that before re-characterizing a <u>pro se</u> litigant's motion as a first § 2255 motion:

> the district court must notify the <u>pro se</u> litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

<u>Castro</u>, 540 U.S. at 383.

There is no dispute that the district court in this case failed to provide Gooden with notice or warning before re-characterizing his <u>pro se</u> "motion to modify" as a first § 2255 motion. Thus, a straightforward application of <u>Castro</u> would compel the conclusion that the district court improperly dismissed Gooden's subsequent "motion to compel" as an unauthorized second or successive § 2255 motion.

The government nevertheless urges us to carve out an exception to <u>Castro</u>. Specifically, the government argues that <u>Castro</u> notice and warning is not required

4

in cases such as this, where the district court determines that the re-characterized motion is untimely under § 2255(f)(1).  The government reasons that the district court's failure to provide such notice would not adversely affect the pro se litigant because all subsequent § 2255 motions—even if not barred as second or successive—would necessarily be untimely as well.  We are not persuaded.

The government's argument rests on the assumption that, once a § 2255 motion becomes untimely under § 2255(f)(1), all subsequent § 2255 motions will necessarily be untimely as well.  But that assumption is not correct.  The statute of limitations governing § 2255 motions begins to run from the latest of one of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Thus, while a re-characterized motion might be untimely under § 2255(f)(1), it is possible for future events to render a subsequent § 2255 motion timely under § 2255(f)(2)-(4).  As a result, a pro se litigant, if afforded Castro notice, might decide to withdraw a re-characterized § 2255 motion and wait for future events to re-start the statute of limitations period.  If a pro se litigant is not afforded such notice, however, he or she might very well remain unaware of this option.[3]  Castro forbids such ignorance.

Not only could the exception proposed by the government undermine the very purpose of Castro, but it would disregard the categorical and mandatory language employed by the Supreme Court in Castro itself.  Indeed, the Supreme Court squarely "h[e]ld that the [district] court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court" provides the requisite notice and warning.  Castro, 540 U.S. at 377 (first emphasis added).  We agree with the Fourth Circuit that "[g]iven the clarity of this language, it would be improper for us to read into the Court's flat prohibition against recharacterization absent proper notice an unstated . . . exception to the notice requirement . . . ."

---

[3]  To take just one example, a pro se litigant might suspect (or even know) that his or her re-characterized motion is untimely under § 2255(f)(1).  Indeed, this may explain why the motion was filed under a different label in the first place.  In that case, the pro se litigant might elect to withdraw the motion and hope that future events will render a subsequent motion timely under § 2255(2)-(4).  But in order to ensure that the pro se litigant is aware of this option, he or she must be afforded Castro notice.

United States v. Blackstock, 513 F.3d 128, 132 (4th Cir. 2008).[4]  In light of

Castro's unqualified holding, we hold that a district court must provide the

requisite notice and warning mandated by Castro, even where the court determines

that the re-characterized motion is untimely.

In sum, we conclude that because the district court failed to provide Gooden

with the requisite notice and warning before re-characterizing his pro se "motion

to modify" as a first § 2255 motion, the district court improperly denied Gooden's

subsequent "motion to compel" as an unauthorized second or successive § 2255

motion.  Castro, 540 U.S. at 377, 383.  We therefore vacate the district court's

order and instruct the district court on remand to afford Gooden Castro notice,

such that he may determine whether to proceed with, amend, or withdraw his

"motion to compel."  In the event that Gooden elects to withdraw his motion, any

§ 2255 motion that he files in the future will not run afoul of the bar on second or

successive motions, given that the district court did not provide Castro notice

before re-characterizing either of Gooden's pro se motions.

**VACATED AND REMANDED.**

---

[4]  The Fourth Circuit found Castro's holding to be so unequivocal that it abrogated United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir. 2002), a pre-Castro precedent carving out an exception to the Fourth Circuit's version of Castro.  Blackstock, 513 F.3d at 132-33, 135.