[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14684
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2011
JOHN LEY
CLERK

D. C. Docket No. 92-00571-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALBERTO CAMEJO-RODRIGUEZ,
a.k.a. Luis Alberto Camacho,
a.k.a. Cejas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2011)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Luis Camejo-Rodriguez seeks relief from his 1995 guilty plea to various cocaine and firearm offenses. In the instant appeal, he argues that the document he filed on September 11, 2009, entitled "Notice of Appeal Rule 4(a) of Federal Rules of Appellate Procedure. Request Permission to Appeal My 17 Years of Wrongful Conviction," is an application to this Court for an order authorizing him to file a second or successive habeas petition. We conclude that Camejo-Rodriguez does not need such an order because the district court failed to properly notify him of the consequences of re-characterizing an earlier motion as his first § 2255 habeas petition, as required by *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003). Therefore, Camejo-Rodriguez is entitled to file a habeas petition that is not subject to the restrictions placed on second or successive petitions.

I.

In 1995, Camejo-Rodriguez pleaded guilty to various drug and firearm crimes. Initially, he appealed his conviction, but subsequently filed a motion to dismiss, which this Court granted. Camejo-Rodriguez then filed a disjointed and unintelligible motion with the district court in 2000. The district court construed the motion as a habeas petition and instructed him to file an amended motion challenging his conviction on the appropriate § 2255 form. However, the district court did not advise Camejo-Rodriguez that filing a § 2255 petition would

substantially restrict his ability to file a future petition. Eventually, he complied with the district court's instructions and filed the petition on the appropriate form on March 2, 2001 ("2001 Motion"). Six months later, the magistrate judge filed a report and recommendation concluding that the petition was time-barred, as it was filed outside of the statute of limitations. The district court followed the recommendation and dismissed the petition.

Since that initial re-characterization and denial, Camejo-Rodriguez has filed several motions both in the district court and in this Court. He submitted six motions to the district court, including filings in March of 2005 and November of 2006, which the district court interpreted as second or successive § 2255 petitions and, accordingly, denied. He also filed three separate notices of direct appeal in this Court, which we dismissed, *sua sponte*, for lack of jurisdiction, because the notice was not filed within ten days of the 1996 judgment. On September 11, 2009, Camejo-Rodriguez filed yet another document in this Court. We granted him *in forma pauperis* status and appointed counsel. Counsel filed this appeal, essentially contending that none of Camejo-Rodriguez's prior motions filed in district court after the 2001 Motion should have been dismissed as second or successive habeas petitions, because the district court failed to notify him of the consequences of re-characterizing his 2001 Motion.

3

## II.

Criminal defendants may not submit a second or successive § 2255 petition unless the appropriate court of appeals grants the defendant leave to file. 28 U.S.C. § 2244(b)(3). Undoubtedly, the conclusion that a habeas petition is a "second or successive" petition requires the existence of a first. A *pro se* filing that is re-characterized by the district court as a § 2255 petition cannot be considered a defendant's first habeas petition—triggering the Antiterrorism and Effective Death Penalty Act's ("AEDPA") restrictions on second or successive habeas petitions—unless the district court: (1) notifies the defendant of the re-characterization; (2) warns the defendant of the restrictions placed on second or successive petitions; and (3) provides the defendant with the opportunity to withdraw the motion or amend it to include all claims that he believes entitle him to relief. *Castro*, 540 U.S. at 383, 124 S. Ct. at 792. If the district court fails to conform with any of the three requirements, the original filing "*cannot be considered to have become a § 2255 motion* for purposes of applying to later motions the law's 'second or successive' restrictions." *Id*.

## III.

The government concedes that the district court failed to properly warn Camejo-Rodriguez of the consequences of re-characterizing his 2001 Motion. It

4

argues, however, that we must decide that the Supreme Court's ruling in *Castro* applies retroactively in order for Camejo-Rodriguez to be entitled to file a future petition that is not subject to AEDPA's restrictions on second or successive § 2255 petitions. We disagree. This Court has held that pre-*Castro* re-characterizations— without proper notice and warning—render post-*Castro* habeas petitions not successive.[1] We need not decide that *Castro* applies retroactively because we are not *invalidating* the previous re-characterization by the district court, but rather determining what effect that re-characterization is given when a later § 2255 motion is filed.[2] In cases where the district court failed to give all required warnings, the re-characterized motion is simply not considered a § 2255 motion for purposes of triggering the law's restrictions on second or successive petitions. Here, the district court did not warn Camejo-Rodriguez that subsequent § 2255 petitions would be subject to the limitations on second and successive habeas

---

[1] *See Fullwood v. Wiley*, 180 Fed. App'x 900, 901 (11th Cir. 2006) (holding that the district court erred by dismissing defendant's 2004 motion as successive after the district court re-characterized his 2000 motion without giving the defendant the notice required by *Castro*); *Outler v. United States*, 129 Fed. App'x 553, 554 (11th Cir. 2005) (declaring that the district court erred in dismissing defendant's 2004 motion as successive when it re-characterized his 1995 motion without giving *Castro* warnings).

[2] *See, e.g.*, *United States v. Blackstock*, 513 F.3d 128, 134 (4th Cir. 2008) ("*Castro* does not invalidate prior unwarned recharacterizations of pro se filings, but instead establishes a rule governing the effect that will be given those unwarned recharacterizations in the future, when a subsequent § 2255 petition is filed. . . . Our conclusion that [defendant's] 2005 § 2255 petition was not successive is simply the result of applying the law in existence in 2005, when that petition was filed.")

petitions created by the AEDPA amendments. Therefore, his 2001 Motion should not be considered a § 2255 petition requiring the district court to dismiss his post-*Castro* motions as successive.

Accordingly, we must vacate the district court's orders denying Camejo-Rodriguez's prior motions as second or successive. Should he choose, we afford him the opportunity to file a § 2255 petition not subject to the restrictions placed on second or successive petitions by the AEDPA amendments. We express no opinion on whether it would comply with the statute of limitations. If Camejo-Rodriguez indeed files a § 2255 petition, the district court should consider whether it is time-barred.[3]

The previous dismissals are **VACATED** and the case is **REMANDED** for proceedings consistent with this opinion.

---

[3] The government argues that Camejo-Rodriguez cannot currently file a habeas petition that complies with the statute of limitations created by § 2255(f). It believes, therefore, that we should not give Camejo-Rodriguez the opportunity to file a future § 2255 petition, as it will necessarily be untimely as well. Our precedent forecloses such a conclusion. *See Gooden v. United States*, 11th Cir. 2010, __ F.3d __, (No. 09-10499, Dec. 8, 2010). In *Gooden*, we expressly articulated what should already have been clear: while a petition might currently be time-barred by § 2255(f), "future events [can] re-start the statute of limitations period." *Id*. at 2. The Court rejected the government's argument that "failure to provide [*Castro*] notice would not adversely affect the *pro se* litigant because all subsequent § 2255 motions—even if not barred as second or successive—would necessarily be untimely as well." Therefore, even if we accept the government's conclusion that any § 2255 motion filed today by Camejo-Rodriguez would be time-barred, it does not follow that any future petition would suffer the same fate.