[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2011
JOHN LEY
CLERK

No. 10-10957
Non-Argument Calendar
_____

D.C. Docket No. 8:95-cr-00317-RAL-1

STEVEN J. SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Steven J. Smith, a federal prisoner, appeals through counsel the denial of a

motion he filed pursuant to Fed.R.Civ.P. 60(b)(4), but that the district court construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We granted Smith a certificate of appealability ("COA") on the following two issues: "(1) Whether the district court erred in denying Petitioner's Federal Rule of Civil Procedure 60(b) motion," and "(2) Whether Petitioner has any other post-conviction remedy available to him which the district court should have considered with respect to the merits of his claim." [1]

## I.     Rule 60(b)(4) Motion

Ordinarily, we review a district court's ruling on a Rule 60(b) motion for an abuse of discretion. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). However, we review *de novo* a district court's ruling on a Rule 60(b)(4) motion to set aside a judgment as void. *Id.* We also review *de novo* a district court's dismissal of a § 2255 motion as second or successive. *Gooden v. United States*, 627 F.3d 846, 847 n.2 (11th Cir. 2010).

---

[1] The government submits that we should vacate the COA as improvidently granted. "Once the parties have briefed and argued the issue set out in a COA and we have reached the point of considering an appeal on the merits, the time for scrutinizing the COA has long since passed." *Thomas v. Crosby*, 371 F.3d 782, 784 (11th Cir. 2004). We decline to entertain the government's challenge to the COA at this stage in the matter.

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a "final judgment, order, or proceeding" for various reasons, including when "the judgment is void." Fed.R.Civ.P. 60(b)(4). A motion filed pursuant to Rule 60(b)(4) must be made "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed.R.Civ.P. 1. Accordingly, we have held that Rule 60(b) cannot be used to obtain relief in criminal proceedings. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). In *Mosavi*, we held that the defendant could not challenge a criminal forfeiture order using a Fed.R.Civ.P. 60(b) motion because Fed.R.Civ.P. 1 unambiguously provides that the Federal Rules of Civil Procedure govern the procedure in all suits of a civil nature. *Id.* We stated,

> The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence. Rule 60(b) simply does not provide for relief from judgment in a criminal case.

*Id.*; *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that Rule 60(b)(4) could not be used to attack any alleged deficiencies in the

district court's order denying Fair's 18 U.S.C. § 3582(c)(2) motion because § 3582 is "criminal in nature").

The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion, a movant must first receive an order from the U.S. Court of Appeals authorizing the district court to consider it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216.

In *Gonzalez v. Crosby*, the Supreme Court held that:

> a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

545 U.S. 524, 538, 125 S. Ct. 2641, 2651 (2005). Although the Supreme Court expressly noted that it was limiting its consideration to § 2254 cases, *id.* at 529 n.3, 125 S. Ct. at 2646 n.3, we recently held that "the standard announced in *Gonzalez* applies to federal prisoner cases as well," *Gilbert v. United States*, No. 09-12513, manuscript op. at 69 (11th Cir. May 19, 2011) (*en banc*). In *Gilbert*, we rejected the appellant's argument that a motion he filed asserting an error of law in

4

the calculation of his sentence should have been treated as one filed under Rule 60(b)(5) and (6), holding that "[b]ecause Gilbert's motion sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, under *Gonzalez* his motion is the equivalent of a second or successive motion and is barred by § 2255(h)." *Gilbert*, No. 09-12513, manuscript op. at 17-18, 68-69.

The district court did not err in denying Smith relief under Fed.R.Civ.P. 60(b)(4) because that rule of civil procedure could not be used to attack Smith's criminal judgment, and the district court did not err in denying his motion, construed as a § 2255 motion, because it was an unauthorized second or successive § 2255 motion.

## II. Other Relief

Rule 60(b) also enables a court to relieve a party from a final judgment, order, or proceeding if: "(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) [for] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(5) and (6).

On appeal, Smith identifies only Rule 60(b)(5) and (6) as the other post-conviction remedies that the district court should have considered. However,

as discussed above, Rule 60(b) is a rule of civil procedure that cannot be used to attack a judgment in a criminal case. Therefore, Smith has not shown that the district court erred in failing to consider whether his claim was cognizable under Rule 60(b)(5) or (6).

Based on our review of the record and consideration of the parties' briefs, we affirm the district court's denial of Smith's motion.

**AFFIRMED.**[2]

---

[2]     Smith's request for oral argument is denied.