[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16044
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-23292-UU; 1:04-cr-20808-UU-2

TORIE CROSS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 18, 2018)

Before TJOFLAT, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, the District Court construed a filing made by Torie Cross as an impermissibly successive 28 U.S.C. § 2255 motion and dismissed it for a lack of jurisdiction. Cross appeals this decision. We affirm.

We consider questions about a district court's jurisdiction *de novo*. *United States v. Oliver*, 148 F.3d 1274, 1275 (11th Cir. 1998) (per curiam). We liberally construe a *pro se* litigant's pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Further, district courts have an obligation to look behind the label of a *pro se* inmate's motion to determine whether the motion is cognizable under a different remedial statutory framework. *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010).

A § 2255 movant "shall move in the appropriate court of appeals for an order authorizing" the district court to consider a successive motion. 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h) (noting that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" newly discovered evidence or a new rule of constitutional law). Absent authorization from this Court, district courts lack jurisdiction to consider a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

On December 1, 2015, Cross filed his first 28 U.S.C. § 2255 motion, which challenged his classification as a career offender under the Guidelines due to the

Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). This motion was dismissed by the District Court, on the merits and with prejudice, in March 2016. The District Court further ruled that a certificate of appealability ("COA") "shall not issue." Cross filed a notice of appeal and we ultimately denied Cross's motion for a COA on October 28, 2016.

In the meantime, on June 15, 2016, Cross filed an application to this Court to file a second or successive § 2255 motion. On June 20, he filed another application to this Court to file a successive § 2255 motion. In this second application, the one relevant to this appeal, he raised two arguments: first, that he was erroneously sentenced as a career offender because his Florida convictions for delivery of cocaine should not have been classified as serious drug offenses under the Guidelines; second, that under *Johnson*, his Hobbs Act robbery conviction was not a "crime of violence" and so his 18 U.S.C. § 924(c) conviction was invalid. Cross's two applications were consolidated and docketed in this Court. We denied them as "premature" in an August 4, 2016 order, explaining that he was in the midst of seeking a COA on his initial § 2255 motion from December 1, 2015.

On August 2, 2016, Cross's June 20 application was also docketed in the District Court as a potential second or successive § 2255 motion to vacate his sentence. Following our August 4 order, the District Court accordingly held that it

3

lacked jurisdiction over Cross's motion, it being an unauthorized successive § 2255 motion.  Cross appeals this decision.

Because the District Court had previously dismissed Cross's first § 2255 motion with prejudice, it lacked jurisdiction to consider the merits of Cross's successive claims absent authorization from this Court.  28 U.S.C. § 2244(b)(3)(A); *Farris*, 333 F.3d at 1216.  We did not provide such authorization. The District Court therefore did not err in dismissing Cross's second § 2255 motion.

Cross argues that, nonetheless, the District Court could have classified his second motion as a Federal Rule of Civil Procedure 60(b) motion, rather than as a second § 2255 motion, thus retaining jurisdiction over it.  Under Rule 60(b), a court may relieve a party of a final order or judgment for a number of reasons.  *See* Fed. R. Civ. P. 60(b)(1)–(6).  But a purported Rule 60(b) motion can constitute an impermissibly successive § 2255 motion.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32, 125 S. Ct. 2641, 2647–48 (2005).  In *Gonzalez*, the Supreme Court held that although a Rule 60(b) motion can be used to present a defect in the integrity of a prior federal habeas proceeding, such a motion is considered a second or successive § 2254 petition if it seeks to present a new ground for relief from a judgment of conviction or attacks the federal court's previous resolution of a claim on the merits.  *Id.  Gonzalez* applies equally to § 2255 proceedings.  *Gilbert v.*

4

*United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc).  Therefore, when a federal prisoner seeks to assert or reassert a claim for relief, rather than point out a defect in the integrity of an earlier § 2255 proceeding, his motion is the equivalent of a second or successive § 2255 motion.  *Id.*

Here, the District Court did not err in construing Cross's motion as a § 2255 motion because he asserted new grounds for relief.  After arguing in his initial § 2255 motion that *Johnson* invalidated the Guidelines' Career Offender provision, Cross argued in his June 20 motion that his past Florida drug convictions were not serious drug offenses and that Hobbs Act robbery cannot qualify as a crime of violence under § 924(c).  These are new substantive claims and do not raise a defect in his original § 2255 proceeding.  *See Gonzalez*, 545 U.S. at 531–32, 125 S. Ct. at 2647–48.  The District Court therefore did not err in failing to treat Cross's § 2255 motion as a Rule 60(b) motion.

**AFFIRMED.**