[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16198
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-01641-EAK-MAP; 8:11-cr-00181-EAK-MAP-1


KENNETH H. BURKE, JR.,

                                                    Petitioner - Appellant,

                          versus

UNITED STATES OF AMERICA,

                                                    Respondent - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 19, 2018)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

      Kenneth Burke appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his sentence.  After careful consideration, we reverse and remand

for further consideration in light of this Court's recent en banc decision in Ovalles

v. United States, No. 17-10172, 2018 WL 4830079 (11th Cir. Oct. 4, 2018) (en banc).

## I.

On December 2, 2011, a jury convicted Burke of conspiracy and attempt to unlawfully affect commerce by robbery, in violation of 18 U.S.C. § 1951; knowingly carrying a firearm "during and in relation to a crime of violence," in violation of 18 U.S.C. § 924(c); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Burke to 335 months in prison, including 120 months for the § 924(c) charge.  This court affirmed his convictions on direct appeal.  United States v. Burke, 521 F. App'x 720 (11th Cir. 2013) (per curiam) (unpublished).

A little over three years later, the Supreme Court decided Johnson v. United States, which held that the Armed Career Criminal Act's ("ACCA") residual clause was void for vagueness.  576 U.S. __, 135 S. Ct. 2551, 2557 (2015).  In response, Burke filed an application with this Court seeking authorization to file a second or successive § 2255 motion based (in part) on the argument that Johnson rendered his § 924(c) conviction invalid.  This Court granted Burke's application on the Johnson issue.  Burke then asked the district court to vacate his sentence under § 2255, arguing that his conviction under § 924(c) had to be vacated in light of Johnson.  The district court rejected Burke's

efforts, holding that he did not satisfy the procedural requirements for filing a second or successive motion because <u>Johnson</u> did not find § 924(c) unconstitutional.

Burke timely filed a notice of appeal.  On February 22, 2017, this Court granted him a certificate of appealability on two issues: (1) whether the district court erred when it found Burke did not meet the requirements to file a second or successive 28 U.S.C. § 2255 motion; and (2) whether the Supreme Court's decision in <u>Johnson</u> rendered Burke's 18 U.S.C. § 924(c) conviction unconstitutional.

## II.

"We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive."  <u>Gooden v. United States</u>, 627 F.3d 846, 847 n.2 (11th Cir. 2010) (quotation marks omitted).

## III.

28 U.S.C. § 2244(b)(4) requires a district court to dismiss "any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements" for an exception.  One such exception is a claim that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  <u>Id.</u> § 2244(b)(2)(A).

3

Burke argues the district court erred in finding that his claim did not rely on a new, retroactively applicable rule of constitutional law as established by the Supreme Court.  Because the district court denied Burke's § 2255 petition without the benefit of our opinion in Ovalles, 2018 WL 4830079, we reverse and remand for reconsideration in light of Ovalles.  On remand, the district court should also determine, if necessary, whether Burke's conviction survives our Ovalles decision.

Section 924(c) provides enhanced punishments for a person convicted of carrying a firearm "during and in relation to a crime of violence."  18 U.S.C. § 924(c)(1)(A).  A crime of violence is defined in part as any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id. § 924(c)(3)(B).  This is also referred to as § 924(c)'s residual clause, and its language shares substantial similarities with the ACCA residual clause, which the Supreme Court struck down as unconstitutionally vague in Johnson.  See 135 S. Ct. at 2557–58.

Johnson held the ACCA residual clause was unconstitutionally void for vagueness.  Id. at 2557.  Courts were required to use what is known as the categorical approach to determine whether a particular crime qualified as a crime of violence within the meaning of the residual clause.  Id. at 2557–58.  This approach required courts to "assess[] whether a crime qualifies as a violent felony

4

in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 2557 (quotation marks omitted). This was an abstract inquiry, and one the Supreme Court concluded led to two problems: first, there was "no reliable way" to define the "ordinary" way of committing a crime; and second, the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. at 2557–58. The Court therefore held that "imposing an increased sentence under [ACCA's residual clause] violates the Constitution's guarantee of due process." Id. at 2563.

Until recently, this Court used the same categorical approach to decide whether a particular offense counts as a crime of violence under § 924(c)(3)(B). See United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (O'Connor, J.), overruled by Ovalles, 2018 WL 4830079. However, Ovalles, which is a "successor" to Johnson, abandoned the categorical approach for purposes of deciding whether an offense counts as a crime of violence under § 924(c)(3)(B). 2018 WL 4830079 at *1–2. In an effort to avoid the constitutional problems identified in Johnson, this Court adopted instead what we called a "conduct-based" approach to § 924(c)(3)(B). Id. at *1–2. Rather than imagine an ordinary case in the abstract, Ovalles now requires us to ask whether a defendant's actual conduct "by its nature[] involve[s] a substantial risk" of physical force. 18 U.S.C.

5

§ 924(c)(3)(B); <u>Ovalles</u>, 2018 WL 4830079 at \*17–18.  Because this is a factual determination that increases punishment, <u>Ovalles</u> recognized that juries, not judges, must decide whether a defendant's conduct involved such a substantial risk.  <u>See</u> 2018 WL 1830079 at \*15 n.8.  Importantly for this case, <u>Ovalles</u> recognized that the use of the categorical approach under § 924(c)(3)(B) implicates the same vagueness problems at issue in <u>Johnson</u>.  <u>Id.</u> at \*1.

It seems likely that the conspiracy to commit robbery and attempted robbery charges were categorically treated as crimes of violence here.  The jury was instructed they could find Burke guilty of the § 924(c) charge only if they found beyond a reasonable doubt that Burke "committed either or both of the crimes of violence charged in Counts One or Two."  Counts One and Two charged conspiracy to commit robbery and attempted robbery.  This instruction appears to have told the jury that the crimes charged were crimes of violence, rather than ask the jury to decide whether Burke's conduct made those counts crimes of violence. If the jury was instructed that conspiracy to commit robbery and attempted robbery were to be treated as crimes of violence under § 924(c)(3)(B), Burke may well have stated a <u>Johnson</u> claim.  As a result, he may be entitled under <u>Ovalles</u> to have a jury decide whether his offenses posed a substantial risk that force would be used.  We leave it to the district court to reconsider its decision to deny Burke's §

2255 petition and to decide in the first instance what relief, if any, Burke is entitled

to in light of Ovalles.

**REVERSED AND REMANDED.**