[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-10098
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:18-cv-23609-CMA,
1:17-cr-20564-CMA-1

DEREK BURKES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(January 15, 2020)

Before GRANT, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

On November 17, 2017, Derek Burkes pleaded guilty to possession of a

stolen firearm in violation of 18 U.S.C. § 922(j).  Now a federal prisoner serving a

120-month sentence, Burkes proceeds *pro se* to appeal the denial of his Rule 60(b) motion for relief from the judgment denying his 28 U.S.C. § 2255 motion to vacate his sentence.  After review, we dismiss in part and affirm in part.

On August 30, 2018, Burkes filed a section 2255 motion to vacate his conviction.  The grounds of that motion are well-known to the parties and are recounted in both the magistrate judge's report and the district court's order.  What is important for our purposes is that the district court denied Burkes's motion and denied him a certificate of appealability (COA).

Burkes then filed a Rule 60(b) "Motion to Set Aside Order and Final Judgment."  Quoting from our en banc opinion in *Gilbert v. United States*, the district court denied this motion, finding that it merely "attack[ed] the federal court's previous rejection of a claim on the merits."  640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), *abrogated on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).

Burkes then petitioned this Court for a COA.  We said that no COA was necessary to appeal the district court's construal of Burkes's Rule 60(b) motion as a successive section 2255 motion.  We denied his motion for a COA in all other respects.

Now, Burkes argues both that the district court applied the wrong standard in summarily denying his section 2255 motion and that it erred in concluding that his

2

claims were meritless.  He also argues that the district court erred in construing his Rule 60(b) motion as a successive section 2255 motion because the Rule 60(b) motion did not revisit the merits of his sentence but asserted that the district court denied his section 2255 motion based on "an erroneous view of present law."

The government argues that because Burkes was not granted a COA, we have jurisdiction only to consider the successiveness issue.  This is correct.  The COA process is intended to "limit the courts of appeals' jurisdiction over habeas appeals."  *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012).  In an appeal from the denial of a section 2255 motion, "appellate review is limited to the issues specified in the COA."  *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam).  We thus consider only Burkes's argument that his Rule 60(b) motion was not a successive section 2255 motion.  To the extent that Burkes raises other issues on appeal, we dismiss them for want of jurisdiction.

We review *de novo* a district court's dismissal of a section 2255 motion as successive.  *See Gooden v. United States*, 627 F.3d 846, 847 n.2 (11th Cir. 2010).  A Rule 60(b) motion for relief from judgment on a section 2255 motion constitutes a second or successive motion if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."

3

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  By contrast, a 60(b) motion is not successive if it attacks "some defect in the integrity of the federal habeas proceedings."  *Id.*  But this alleged defect must amount to "extraordinary circumstances."  *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (citation omitted).  An example would be "[f]raud on the federal habeas court."  *Gonzalez*, 545 U.S. at 532 n.5 (citation omitted).

Burkes claims to allege such a defect.  His 60(b) petition challenges the integrity of the proceedings because the court denied his section 2255 motion "based on an erroneous view of the relevant laws" and by failing to apply the proper standard of review.  But regardless of how denominated, this is an attack on the merits of the district court's dismissal, not the integrity of the proceedings.  Accordingly, the district court correctly construed Burkes's Rule 60(b) motion as a successive section 2255 motion, and we affirm as to that issue.

**DISMISSED IN PART, AFFIRMED IN PART.**

4