[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13220

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLAY C. KEYS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:13-cr-00094-TKW-HTC-1

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Clay Keys, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of Keys's *pro se* motions for post-conviction relief. The government has moved for summary affirmance and for a stay of the briefing schedule. We summarily affirm the district court's order and deny as moot the government's motion to stay the briefing schedule.[2]

**I.**

In 2013, a federal grand jury returned a superseding indictment charging Keys with three felony counts for the receipt and distribution of child pornography and for possession of ammunition by a convicted felon. Keys pleaded guilty to the charged offenses.

Keys was sentenced to a total of 180 months' imprisonment. In February 2014, the district court entered final judgment in Keys's criminal case, together with a statement of reasons ("SOR"). In

---

[1] We construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998). We also read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] Keys's response to the government's motion for summary affirmance -- construed liberally -- includes a request to file a second-or-successive 28 U.S.C. § 2255 motion. We DENY this request without prejudice so that Keys may apply for leave to file a second-or-successive section 2255 motion using the appropriate form.

pertinent part, the SOR provided that Keys be housed at a Bureau of Prisons ("BOP") facility with no members of the White Aryan Nation Gang or the Aryan Brotherhood. Keys did not appeal his convictions or sentence.

In December 2016, Keys filed a motion to vacate under 28 U.S.C. § 2255. The district court dismissed Keys's section 2255 motion as untimely-filed. Keys filed no appeal.

In July 2019, Keys moved for compassionate release. The district court denied Keys's motion. We later dismissed Keys's appeal for failure to prosecute. Keys filed a second motion for compassionate release in May 2020. The district court denied the motion; we affirmed the district court's denial on appeal.

In August 2022, Keys filed *pro se* the motions at issue in this appeal. The challenged motions include (1) a motion to compel a ruling that the SOR constituted a "fraudulent document"; (2) a request for an evidentiary hearing about the SOR; (3) a motion to compel the district court to recognize Keys as a "crime victim" under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771; (4) a motion for recusal based on alleged judicial bias; and (5) a motion to reassign Keys's case to a different judge.

The district court denied Keys's motions. In pertinent part, the district court concluded that Keys's motion to compel a ruling on the SOR constituted an unauthorized second-or-successive 28 U.S.C. § 2255 motion. The district court thus denied Keys's motion to compel and Keys's motion for an evidentiary hearing on the SOR.

The district court next denied Keys's "crime victim" motion because (1) Keys was no "crime victim" under section 3771(e)(2); (2) the person who purportedly threatened Keys was never charged with a criminal offense; (3) a "crime victim" may not assert his rights in an unrelated criminal case; and (4) a "crime victim" designation would provide Keys no greater right to protection that he already had.

About Keys's motions for recusal and for reassignment, the district court determined that Keys had failed to demonstrate bias warranting recusal.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

> A.    *Motions to Compel Ruling on SOR and for an Evidentiary Hearing*

The district court committed no error in denying Keys's motions to compel a ruling that the SOR constituted a "fraudulent document" and for an evidentiary hearing on that issue. Briefly stated, Keys objected to statements in the SOR providing that Keys be housed at a BOP facility with no members of the White Aryan Nation or Aryan Brotherhood. Keys contends that -- because the sentencing court had no authority to order the BOP to house Keys at a particular facility -- those statements in the SOR were

fraudulent. Keys asserts that the government and the sentencing judge coerced his guilty plea using false promises that the BOP would protect him; the supposed false promises rendered his plea involuntary. Keys contends that the government engaged in "prosecutorial misconduct," that his trial lawyer provided ineffective assistance by failing to object to the statements in the SOR, and that the SOR violated his constitutional rights.

The district court considered properly whether Keys's motion to compel could be construed as a section 2255 motion. *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."). Keys's arguments challenging the validity of his guilty plea and the effectiveness of his trial lawyer's performance were characterized reasonably as arguments that must be raised in a section 2255 motion. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255.").

Keys already filed a section 2255 motion in 2016. The district court dismissed that motion as time-barred: a dismissal with prejudice for second-or-successive purposes. *See, e.g., Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (noting in ruling on a successive application that the petitioner's first habeas action had been dismissed "with prejudice" as untimely); *see also Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that the

dismissal of an action purportedly without prejudice has the effect of a dismissal with prejudice if the plaintiff would be time-barred from re-filing).

Keys never received authorization from this Court to file a second section 2255 motion. The district court thus concluded properly that Keys's construed second-or-successive section 2255 motion needed to be dismissed. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive [section 2255] petition."). Because the district court was without jurisdiction to consider Keys's motion challenging the SOR, the district court abused no discretion in denying Keys's motion for an evidentiary hearing on that issue.

### B.    Motion for "Crime Victim" Relief

In support of his motion seeking recognition as a "crime victim" under the CVRA, Keys says that a fellow prisoner and member of the White Aryan Nation ("K.S.") threatened verbally Keys's life. K.S. allegedly told Keys that -- if Keys testified against K.S. -- K.S. would direct members of the White Aryan Nation to kill Keys. Never has Keys alleged that he has been harmed physically by K.S. or by a member of the White Aryan Nation.

Under the CVRA, a "crime victim" means "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2). We have concluded that the CVRA creates no "private right of action by which a victim can initiate a freestanding lawsuit,

wholly unconnected to any preexisting criminal prosecution and untethered to any proceeding that came before it." *See In re Wild*, 994 F.3d 1244, 1256-57 (11th Cir. 2021) (*en banc*).

The district court committed no error in denying Keys's motion for "crime victim" relief. Even to the extent Keys could show that he qualified as a "crime victim" based on K.S.'s verbal threat, Keys may seek relief under the CRVA only in the resulting criminal proceedings brought against K.S. -- not in his own, unrelated criminal case. *See id*.

### C.    *Motions to Recuse and to Reassign Case*

We review for abuse of discretion the district court's rulings on a motion for recusal. *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons." *Id*. In determining whether recusal is necessary, we ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias

8                    Opinion of the Court                    22-13220

and prejudice that it unfairly prejudices one of the parties." *Bailey*, 175 F.3d at 968 (quotations omitted).

The district court abused no discretion in denying Keys's motion for recusal. Keys sought Judge Wetherell's recusal based chiefly[3] on Judge Wetherell's purported bias. As evidence of Judge Wetherell's purported bias, Keys points to Judge Wetherell's orders denying Keys's two motions for compassionate release: orders that cited to portions of the challenged SOR. Keys also contends that Judge Wetherell has demonstrated bias by failing to enforce, modify, or rescind the alleged fraudulent statements in the SOR.

No unfair prejudice has been shown. That Judge Wetherell ruled adversely to Keys -- without more -- is insufficient to demonstrate pervasive bias or prejudice mandating recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor does Judge Wetherell's failure to *sua sponte* enforce, modify, or rescind the SOR -- a document entered by a different judge -- raise significant doubt about Judge Wetherell's impartiality. Because Keys has demonstrated no clear objective impropriety, we affirm the district court's denial of Keys's motions to recuse and to reassign the case to a different judge.

No substantial question exists on the outcome of this appeal. Because the government's position is correct as a matter of

---

[3] Keys also sought Judge Wetherell's recusal because Keys says he intended to call Judge Wetherell as a witness at the requested evidentiary hearing. We need not consider this asserted ground for recusal, however, because the district court denied properly Keys's motion for an evidentiary hearing.

22-13220               Opinion of the Court                    9

law, summary affirmance is appropriate.  The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.