**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2137

———————

ROGELIO FIGUEREO-SANCHEZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A030-851-202)
Immigration Judge: Jeffrey L. Romig

———————

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2010

Before:  BARRY, AMBRO and COWEN, <u>Circuit Judges</u>

(Opinion filed: May 28, 2010)

———————

OPINION

———————

PER CURIAM

    Rogelio Figuereo-Sanchez petitions for review of a final order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's

("IJ's") decision ordering his removal.  We will deny the petition for review.

I.

Figuereo-Sanchez, a native and citizen of the Dominican Republic, entered the United States in 1972 as a young child.  More than thirty years later, in 2003, he pleaded guilty in federal court to conspiracy to possess with intent to distribute cocaine and was sentenced to ninety-six months of imprisonment.  The government then sought to have him removed on the basis of that conviction.[1]

Figuereo-Sanchez chose to represent himself at the hearing and did not apply for any form of relief.  He admitted to the allegations and essentially conceded removability.  After ordering Figuereo-Sanchez's removal to the Dominican Republic, the IJ advised him that he had the right to appeal to the BIA.  The IJ then stated:  "You can also accept the order of deportation as final.  So, the question to you is do you want to file an appeal or do you accept a deportation order as a final one?"  Administrative Record ("AR") at 45.  Figuereo-Sanchez replied "I want to accept it as final."  Id.  Nonetheless, about two months after the hearing,  Figuereo-Sanchez wrote to the "Immigration Court," stating that he had not waived his right to appeal and seeking his "appeal paper."  AR at 33.  He filed an appeal a few months later, claiming that the statutory provisions mandating the

---

[1]  The government charged Figuereo-Sanchez as removable on three grounds:  (1) for being convicted of an aggravated felony, (2) for being convicted of conspiracy to commit an aggravated felony, and (3) for being convicted of violating a law related to a controlled substance.  See 8 U.S.C. § 1227(a)(2)(A)(iii); (a)(2)(B)(i).

removal of aliens who are convicted of certain crimes are unconstitutional because they contain no exception for an individual like him, who became completely immersed in American culture as a ward of the state in his youth and who has no connection to his home country.

The BIA dismissed the appeal for lack of jurisdiction after concluding that Figuereo-Sanchez had knowingly and intelligently waived his right to appeal. See 8 C.F.R. § 1003.3(a) (a "notice of appeal may not be filed by any party who has waived appeal pursuant to § 1003.39"). The BIA also ruled in the alternative that, if it had jurisdiction, it would dismiss the appeal on the merits because Figuereo-Sanchez had not raised any issues that the BIA had jurisdiction to decide and had not identified any form of relief for which he is eligible. Figuereo-Sanchez then filed this petition for review.

II.

We lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including an aggravated felony and a controlled substance violation. 8 U.S.C. § 1252(a)(2)(C). However, the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented by criminal aliens in petitions for review. 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Because Figuereo-Sanchez has been convicted of an aggravated felony and a controlled substance violation, we may consider only constitutional issues, pure questions of law, and issues of

the application of law to uncontested facts. See Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005). We review constitutional issues and questions of law de novo. Id.

The government asserts that "Figuereo-Sanchez does not raise any constitutional issues or legal questions in his opening brief" and that we must therefore dismiss his petition for review for lack of jurisdiction. Respondent's Brief at 12. But Figuereo-Sanchez asks this Court to "conduct a constitutional inquiry" into the statutes governing his removal, arguing that "the statutes are impermissibly unconstitutional when they render any alien removable without consideration of cases such as the instant one, where the petitioner was a ward of the state f[ro]m minor age into adulthood." Petitioner's Brief at 4-5. He also argues that deportation "would result in double punishment" for his crime. Id. at 4.

Pleadings from pro se litigants, such as Figuereo-Sanchez, must be liberally construed. See, e.g., Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Although his brief is not artfully drafted, it is plain that Figuereo-Sanchez is attempting to present a constitutional claim regarding his order of removal. To the extent that he is claiming that his right to equal protection has been violated because the statute governing his removal does not recognize an exception for individuals in his circumstances, his claim is without merit. To prove an equal protection violation, one must first demonstrate "disparate treatment of different groups." DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir. 1999). Figuereo-Sanchez has not identified any groups being treated differently under the statute.

4

On the contrary, his argument is that the uniform treatment of criminal aliens under the statute is unconstitutional insofar as individuals with histories like his own should be excepted from deportation.  Accordingly, we perceive no violation of equal protection.  To the extent that Figuereo-Sanchez is claiming a violation of double jeopardy by arguing that he is being punished twice for his criminal offense, his claim lacks merit because a deportation proceeding is a purely civil action and the "purpose of deportation is not to punish past transgressions."  See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984).

Figuereo-Sanchez also claims that he did not knowingly waive his right to appeal from the IJ's decision.  Under the circumstances, we need not decide whether that presents a question of law; there is no meaningful relief available to Figuereo-Sanchez even if his waiver were invalid.  If we were to determine that the BIA erred in holding that the waiver was knowing and intelligent, the relief we would order would be a remand to the BIA to consider the appeal.  But Figuereo-Sanchez did not apply for any form of relief during his immigration proceedings and, as the BIA correctly noted in its alternate holding on the merits, he did not establish his eligibility for any relief.

Accordingly, we will deny the petition for review.