[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14235
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 8:10-cv-01579-RAL-MAP; 8:04-cr-31-T-26MAP


ROGELIO FIGUEREO-SANCHEZ,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 1, 2012)

Before CARNES, MARTIN and JORDAN, Circuit Judges.

MARTIN, Circuit Judge:

Rogelio Figuereo-Sanchez, a citizen of the Dominican Republic, has lived in the United States since 1972. In April 2004, he pleaded guilty to, and was sentenced to ninety-six months imprisonment for, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 846. Mr. Figuereo-Sanchez is now subject to deportation. See Figuereo-Sanchez v. U.S. Att'y Gen., 382 F. App'x 211, 212 (3d Cir. 2010) (denying petition for review of BIA final order to deport Mr. Figuereo-Sanchez). Here he appeals the District Court's denial of his motion for federal habeas post-conviction relief.

In October 2005, following his conviction, Mr. Figuereo-Sanchez filed a pro se "Motion for Transcripts in Order to Prepare for a Motion Under 28 U.S.C. § 2255." The District Court denied that motion without explanation.

Several months later, in May 2006, Mr. Figuereo-Sanchez filed a document entitled, "Supplement Pursuant to Federal Rules of Civil Procedures Rule 15(a), to Movants [sic] Title 28 United States Code, Section 2255 Filing." In this filing, he claimed ineffective assistance of counsel stemming from his lawyer's failure to consult with him regarding his right to appeal. He also reiterated his request for transcripts, and asked for sixty days to prepare a Certificate of Appealability should the District Court deny his motion. The District Court never ruled on this May 2006 motion.

In July 2008, Mr. Figuereo-Sanchez, still proceeding pro se, filed a "Motion to Vacate Judgment Pursuant to Rule 60(b)(6)." In this Rule 60(b) motion, he restated his claim for ineffective assistance of counsel based on his trial counsel's failure to appeal the conviction, and added that his guilty plea was not knowingly or intelligently made. Among other forms of relief, Mr. Figuereo-Sanchez requested a new trial, or in the alternative, that the District Court treat his earlier transcript request as a § 2255 petition.

On July 31, 2008, the District Court construed the Rule 60(b) motion as a motion to vacate under 28 U.S.C. § 2255. It then denied the motion as time-barred, because more than one year had elapsed since the time that Mr. Figuereo-Sanchez's judgment became final in late 2004. See 28 U.S.C. § 2255(f)(1).[1]

Two years later, Mr. Figuereo-Sanchez filed a § 2255 motion before the same judge in a new proceeding, seeking to vacate his sentence. In it, he asserted that his trial counsel failed to inform him of the risk of deportation if he pleaded guilty, and alleged that the failure violated Padilla v. Kentucky, — U.S. —, 130 S. Ct. 1473 (2010), which requires counsel to inform defendants of the risk of deportation in guilty pleas. He requested that the District Court vacate his guilty

---

[1] Both the District Court and the Eleventh Circuit denied Mr. Figuereo-Sanchez's applications for a Certificate of Appealability. In so doing, this Court construed the Rule 60(b) motion as a § 2255 motion.

plea and sentence.

The District Court dismissed the § 2255 motion for lack of jurisdiction, noting that it had construed the July 2008 Rule 60(b)(6) motion as a § 2255 motion. This being the case, the Court determined that the motion before it was a successive § 2255 motion, which required authorization from the Eleventh Circuit under 28 U.S.C. § 2244(b)(3)(A) before it could be filed in the lower court.

Mr. Figuereo-Sanchez asked the District Court to reconsider its decision, arguing that the Court had failed to comply with the dictates of Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). Specifically, he alleged that the District Court had failed to provide him with notice before construing his Rule 60(b)(6) motion as a § 2255 motion. The District Court denied the motion to reconsider, noting that although it construed the Rule 60(b) motion as a § 2255 petition without issuing Castro warnings, that recharacterization was "exactly what Plaintiff requested the Court to do in the opening paragraph of his motion as an alternative means of seeking relief. Thus, Plaintiff can hardly complain that this Court failed to follow the dictates of Castro . . . ." Further, the Court stated that the ineffective assistance of counsel claim failed on the merits, because Mr. Figuereo-Sanchez's conviction became final before Padilla was decided, and Padilla did not announce a rule that should apply retroactively on collateral review.

This Court granted a Certificate of Appealability on whether the District Court properly denied the § 2255 motion as successive, and whether Padilla announces a retroactively applicable new rule of law.

I.

We first consider whether the District Court erred in denying Mr. Figuereo-Sanchez's § 2255 motion as successive, when it had previously construed his Rule 60(b) motion as a § 2255 petition without issuing Castro warnings, reviewing the issue de novo. See Gooden v. United States, 627 F.3d 846, 847 n.2 (11th Cir. 2010).[2]

The Supreme Court held in Castro that when a district court recharacterizes a pro se motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims. 540 U.S. at 383, 124 S. Ct. at 792. If a district court fails to issue these warnings, it cannot later consider the recharacterized motion as a previously filed

[2] The government argues that this Court should review "only for clear error the district court's determinative factual finding[] that Figuereo-Sanchez asked for the court to construe" his July 2008 Rule 60(b) motion as a § 2255 motion. However, the district court's decision is not based on findings of fact, but on a characterization of the pleadings. Cf. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).

§ 2255 motion.  Id.

We have interpreted the rule in Castro to be "categorical and mandatory," and therefore not subject to exception.  Gooden, 627 F.3d at 848–49 (citing United States v. Blackstock, 513 F.3d 128, 132 (4th Cir. 2008)).  Therefore, the only question before us is whether the District Court recharacterized Mr. Figuereo-Sanchez's July 2008 Rule 60(b) motion within the meaning of Castro.

The government argues that the District Court "fairly read" Mr. Figuereo-Sanchez's Rule 60(b) motion as a request to construe it as an initial § 2255 petition.  It further argues that, even if Mr. Figuereo-Sanchez had not actually intended to recharacterize his Rule 60(b) motion, he had repeatedly requested that the District Court allow him to challenge his sentence under § 2255.  Therefore, the District Court was entitled to recharacterize the Rule 60(b) motion without issuing Castro warnings.  Mr. Figuereo-Sanchez responds that the request for recharacterization in his Rule 60(b) filing only referred to his earlier transcript requests, and the District Court never recharacterized those filings.

As to the government's assertion that the District Court could have "fairly read" the Rule 60(b) motion as a request to recharacterize the filing under § 2255, we note that the passage from the July 2008 Rule 60(b) motion that the government

6

cites is ambiguous at best.[3]  This ambiguity only underscores the importance of issuing Castro warnings to pro se litigants.  As the Supreme Court explained in Castro, "the very point of the warning is to help the pro se litigant understand not only (1) whether he should withdraw or amend his motion, but also (2) whether he should contest the recharacterization, say, on appeal."  540 U.S. at 384, 124 S. Ct. at 793.  Thus, Castro warnings would have provided Mr. Figuereo-Sanchez an opportunity to contest the recharacterization, or proceed under § 2255, thereby resolving any ambiguity about the nature of his request.  Further, if we were to construe this ambiguity against Mr. Figuereo-Sanchez, it would undermine the mandate to construe pro se filings liberally, in favor of the pro se litigant.  See Stewart, 646 F.3d at 857 n.1.

Finally, although Mr. Figuereo-Sanchez expressed a clear desire to challenge his conviction under § 2255 in his earlier transcript requests, those filings have no bearing on whether the District Court recharacterized the July 2008 Rule 60(b)

_____

[3]  In his July 2008 Rule 60(b) motion, Mr. Figuereo-Sanchez requested that the District Court "construe this motion as a motion to r[e]call the Courts [sic] mandate on November 8th, 2005 denying the motion listed at docket entry #85 [transcript request] and construing this action as petitioner's first filing under [§ 2255] as petitioner requested with the motion . . . at #89 [supplement to transcript request]."  It is unclear whether he was asking the District Court to recall its November 2005 order denying the transcript request and construe that request as a § 2255 petition; or whether he was asking the District Court to recall its November 2005 order denying the transcript request, and construe the July 2008 Rule 60(b) motion as a § 2255 petition.  The awkwardly worded passage lends itself to either interpretation.

motion. To the extent that Castro warnings are categorical and mandatory, the previously expressed intent of a pro se litigant to challenge his conviction under § 2255 does not absolve the District Court of the obligation to issue Castro warnings in the event that it recharacterizes any current filing as a § 2255 motion.

We therefore hold that the District Court failed to comply with Castro when it recharacterized Mr. Figuereo-Sanchez's Rule 60(b) motion as a § 2255 motion. As a result, his July 2010 motion for federal habeas relief cannot be treated as a second or successive § 2255 filing.

## II.

Having concluded that Mr. Figuereo-Sanchez's July 2010 § 2255 motion is a first petition under Castro, we must now consider whether he may benefit from the Supreme Court's recent decision in Padilla v. Kentucky, 130 S. Ct. 1473.

Typically, federal habeas petitioners have one year from when their conviction becomes final to seek § 2255 relief in district courts. See 28 U.S.C. § 2255(f)(1). However, § 2255 grants an additional one year for petitioners to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3).

We have previously held that a court other than the Supreme Court may determine retroactivity under § 2255(f)(3). Dodd v. United States, 365 F.3d 1273, 1278, 1280–81 (11th Cir. 2004). In deciding retroactivity issues under § 2255(f)(3), we have applied the rubric developed in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989). See Howard v. United States, 374 F.3d 1068, 1073–74 (11th Cir. 2004). Therefore, we now apply that rubric in analyzing whether Mr. Figuereo-Sanchez's July 2010 motion was timely under § 2255(f)(3). Under Teague, a court must first answer whether the Supreme Court decision in question announced a new rule.[4] 489 U.S. at 300, 109 S. Ct. at 1070. If yes, a court must then determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review. See id. at 305–310, 109 S. Ct. at 1073–75. Teague recognizes two exceptions: 1) new rules that place certain kinds of primary conduct beyond the reach of criminal law; and 2) decisions that announce "watershed rules of criminal procedure." Id. at 311–12, 109 S. Ct. at 1076.

On appeal, both Mr. Figuereo-Sanchez and the government agree that

---

[4] If the decision merely clarifies an old rule, see, e.g., Williams, 529 U.S. 362, 392, 120 S. Ct. 1495, 1512 (2000) ("[I]t can hardly be said that recognizing the right to effective counsel breaks new ground or imposes a new obligation on the states.") (quotation marks omitted), then the decision applies retroactively. However, under such circumstances the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court. 28 U.S.C. § 2255(f)(3).

Padilla announced a new rule of constitutional law.[5] Therefore, we need not decide whether Padilla announced a new right, or merely clarified an existing rule of constitutional law. For this case, we will assume, but not decide, that Padilla announced a new right. The parties here debate only whether Padilla announces a "watershed" rule of criminal procedure.

The Supreme Court has explained that in order to qualify as a watershed rule, a decision must satisfy two requirements. First, it must "alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding." Whorton v. Bockting, 549 U.S. 406, 418, 127 S. Ct. 1173, 1182 (2007) (quotation marks omitted). Second, it must announce a rule "without which the likelihood of an accurate conviction is seriously diminished." Schriro v. Summerlin, 542 U.S. 348, 352, 124 S. Ct. 2519, 2523 (2004) (quotation marks omitted). The Supreme Court has repeatedly referred to the Sixth Amendment right to counsel embodied in Gideon v. Wainwright, 373 U.S. 335, 83 S. Ct. 792 (1963) as the touchstone of what constitutes a watershed procedural rule. See Beard v. Banks, 542 U.S. 406, 407, 124 S. Ct. 2504, 2514 (2004); Howard, 374 F.3d at 1080 ("The exception that proves the exception . . . is a new Gideon-related

---

[5] Although this position requires Mr. Figuereo-Sanchez to convince this Court that Padilla is a watershed rule of criminal procedure, it also gives him a chance to avoid the time bar of § 2255(f)(1). See 28 U.S.C. § 2255(f)(1), (3).

10

rule.").

It is clear that <u>Padilla</u> did not alter any bedrock elements of criminal proceedings. In <u>Padilla v. Kentucky</u>, the Supreme Court applied <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984) to hold that, based on prevailing professional norms, a defense counsel's failure to advise a defendant of the risk of deportation following a guilty plea in a criminal case constituted constitutionally deficient representation. 130 S. Ct. at 1482–84. Thus, we cannot say that <u>Padilla</u> has altered our understanding of bedrock procedural elements, see <u>Whorton</u>, 549 U.S. at 418, 127 S. Ct. at 1182, given that the Court merely defined the contours of deficient and effective representation under <u>Strickland</u>.

Neither can we agree with Mr. Figuereo-Sanchez that deficient representation under <u>Padilla</u> would result in "an impermissibly large risk of an inaccurate conviction" for the purposes of retroactivity. <u>Id.</u> (quotation marks omitted). There is little doubt that ineffective assistance of counsel may affect the accuracy and fairness of a conviction. <u>See</u> <u>Strickland</u>, 466 U.S. at 686, 104 S. Ct. at 2064 (noting that ineffective assistance of counsel may "so undermine[] the . . . adversarial process that the trial cannot be relied on as having produced a just result"). However, it is "not enough under <u>Teague</u> to say that [the] rule . . . . is directed toward the enhancement of reliability and accuracy in some sense."

11

Sawyer v. Smith, 497 U.S. 227, 242–43, 110 S. Ct. 2822, 2831–32 (1990).

In Strickland, the Supreme Court distinguished the impact of deprivation of counsel from the impact of ineffective assistance of counsel with regard to the accuracy of criminal proceedings. 466 U.S. at 692, 104 S. Ct. at 2067. The Court explained that deprivation of counsel renders it "so likely" that the adversarial process has been undermined "that case-by-case inquiry into prejudice is not worth the cost." Id. In other words, deprivation of counsel under Gideon and its progeny creates a presumption of an "impermissibly large risk" of inaccuracy in the outcome. See Whorton, 549 U.S. at 418, 127 S. Ct. at 1182. By contrast, the Court in Strickland refused to extend that same presumption to typical ineffective assistance of counsel claims. 466 U.S. at 693, 104 S. Ct. at 2067. To the contrary, the Court required the petitioner to demonstrate "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695, 104 S. Ct. at 2068–69. Thus, we cannot say that ineffective assistance of counsel under Strickland is on par with deprivation of counsel under Gideon in terms of its presumed effect on the accuracy of the proceedings.

As for Padilla, we acknowledge that a guilty plea as a result of ineffective assistance of counsel may result in an inaccurate conviction. See Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) ("[A] guilty plea is equivalent to a

12

conviction . . . .").  However, even after demonstrating constitutionally deficient representation under Padilla, a petitioner must still prove prejudice under Strickland.  Padilla, 130 S. Ct. at 1483–84.  In order to show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Stano, 921 F.2d at 1149.  This stands in stark contrast to the presumption under Gideon that deprivation of counsel renders "the risk of an unreliable [conviction] intolerably high."  Whorton, 549 U.S. at 419, 127 S. Ct. at 1182; see also Howard, 374 F.3d at 1078.

With this precedent in mind, we conclude that Padilla did not announce a watershed rule of criminal procedure.  As a result, Mr. Figuereo-Sanchez's petition for federal habeas corpus is untimely under § 2255.

## III.

For the reasons stated, we hold that the District Court failed to issue Castro warnings when it recharacterized Mr. Figuereo-Sanchez's July 2008 motion as a § 2255 petition.  However, we affirm the District Court on the ground that Mr. Figuereo-Sanchez's July 2010 petition for post-conviction relief was untimely under § 2255.

**AFFIRMED.**