[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14812
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-21899-ASG ; 1:07cr-20224-ASG-1


MIGUEL BEATO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 19, 2012)

Before MARCUS, MARTIN and EDMONDSON, Circuit Judges.

PER CURIAM:

Miguel Beato appeals the denial of his motion to vacate under 28 U.S.C.

§ 2255.  The sole question before us is whether, under the principles of <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060 (1989), the Supreme Court's decision in <u>Padilla v. Kentucky</u>, ___ U.S. ___, 130 S. Ct. 1473 (2010), is retroactively applicable on collateral review, such that Beato's motion to vacate is timely under 28 U.S.C. § 2255(f)(3).  According to Beato, the Supreme Court in <u>Padilla</u> established a new and "watershed" rule of criminal procedure.  <u>Teague</u>, 489 U.S. at 311, 109 S. Ct. at 1076.  Our recent decision in <u>Figuereo-Sanchez v. United States</u>, No. 10-14235, ___ F.3d ___, 2012 WL 1499871 (11th Cir. May 1, 2012), forecloses this argument.  <u>See</u> <u>id.</u> at *3–6.  We therefore affirm the judgment of the district court.

**AFFIRMED.**