[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10609
Non-Argument Calendar
_____

D.C. Docket Nos. 6:10-cv-01902-PCF-GJK,

6:08-00247-PCF-GJK-2


TRAMAINE ANTON HIBBERT,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 28, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Tramaine Hibbert, proceeding *pro se*, appeals the district court's denial of

his 28 U.S.C. § 2255 motion to vacate his 180-month sentence, imposed after he

pleaded guilty to conspiracy to distribute and possess with intent to distribute powder cocaine and possession of a firearm by a convicted felon and in furtherance of a drug trafficking offense.  We granted a certificate of appealability (COA) on the following issue:  "[W]hether Hibbert's trial counsel was ineffective for failing to object to a breach of the plea agreement."  After careful review, we affirm.

The facts relevant to the COA are summarized below.  In 2009, Hibbert pleaded guilty to the above counts.  At the time of his plea, he faced a pending state charge for possession of a firearm by a convicted felon, which arose out of the same conduct as the federal charges to which he was pleading guilty.

Hibbert's plea agreement provided that it was "limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state or local prosecuting authorities . . . ."  It also stated that "no other promises, agreements, or representations [had] been made to the defendant or the defendant's attorney with regard to [the] guilty plea."  Nothing in the agreement suggested that the federal prosecutor would arrange for the dismissal of the state charge.  Hibbert initialed every page of the agreement and signed it.

At the change of plea hearing, Hibbert verbally confirmed that the written plea agreement reflected "every promise and representation" on which he relied in deciding whether to plead guilty, and that he was not relying on anything outside of the written document in deciding to plead guilty.  Hibbert also inquired about

2

his pending state charge, and the prosecutor stated he would send a letter to the state prosecutor requesting dismissal of the charge. Hibbert then confirmed that he understood that there was no guarantee the state charge would be dismissed. The district court accepted Hibbert's change of plea and eventually sentenced him to 180 months' imprisonment. Hibbert did not appeal.

After sentencing, Hibbert pleaded guilty to the state charge and subsequently filed a 28 U.S.C. § 2255 motion to vacate his federal sentence, arguing that his counsel was ineffective for failing to object to the government's breach of its promise to contact the state prosecutor about the related state charge. The district court denied the motion and this is Hibbert's appeal.

In reviewing a denial of a § 2255 motion to vacate, we review the district court's legal conclusions *de novo* and its fact findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Our review is "limited to the issues specified in the COA." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

To demonstrate ineffective assistance of counsel, Hibbert must show that: (1) his counsel's performance was deficient and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have

3

pleaded guilty and would have insisted on going to trial." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1209 (11th Cir. 2012) (internal quotation marks omitted).

Hibbert argues that, at the time he decided to plead guilty, he expected the federal prosecutor to contact state authorities to recommend the dismissal of the related state charge. He contends that the federal prosecutor never did so and that his attorney's failure to object to this alleged breach of the plea agreement constituted ineffective assistance of counsel. But Hibbert cannot demonstrate that, but for his attorney's failure to object, he would have decided to go to trial. His written plea agreement mentioned no promises with respect to the state charge, and Hibbert stated that his decision to plead guilty was based solely on that written agreement. Because the promise to contact state authorities did not inform his decision to plead guilty, his ineffective assistance of counsel claim fails. *See id.*

For the foregoing reasons, the district court's denial of Hibbert's § 2255 motion is

**AFFIRMED.**