[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12316

_____

D.C. Docket No. 1:93-cr-00339-FAM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARISELLA DEL CARMEN-IGLESIAS,
a.k.a. Marisella De Arellano,
a.k.a. Marisella Arellano,
a.k.a. Marisella Ramirez-DeArellano,
a.k.a. Marisella Iglesias,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2013)

Before MARCUS and BLACK, Circuit Judges, and EVANS,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Orinda Evans, United States District Judge for the Northern District of Georgia, sitting by designation.

Marisella del Carmen-Iglesias, a native of Cuba and a permanent resident of the United States, appeals the district court's denial of her petition for a writ of coram nobis. Carmen-Iglesias pleaded guilty to a conspiracy charge in 1993, but now seeks to withdraw that plea and vacate her conviction and sentence based upon her counsel's failure to inform her of the immigration consequences of her guilty plea. She rests her claim upon the Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), which held that the Sixth Amendment requires criminal defense attorneys to advise their non-citizen clients about the deportation consequences of a guilty plea. And she must base her claim on Padilla, because before the Supreme Court issued that decision, most courts, including this one, had held that defense counsel were under no constitutional obligation to advise their clients of the deportation consequences of a guilty plea. See id. at 1481 n.9 (collecting cases); United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985) (observing that deportation is a collateral consequence of a guilty plea, albeit a "harsh" one, and holding that "counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance").

Padilla was decided in 2010, but Carmen-Iglesias's conviction became final in 1993. Because her conviction became final well before the Supreme Court decided Padilla, Carmen-Iglesias can only avail herself of the rule announced in

Padilla if that rule applies retroactively to cases on collateral review under the framework set forth in Teague v. Lane, 489 U.S. 288 (1989).  At the time of briefing and oral argument in this case, this Circuit had not squarely addressed whether Padilla applies retroactively, and there was a conflict among our sister circuits.  Compare United States v. Amer, 681 F.3d 211 (5th Cir. 2012) (not retroactive), United States v. Chang Hong, 671 F.3d 1147 (10th Cir. 2011) (same), and Chaidez v. United States, 655 F.3d 684 (7th Cir. 2011) (same), with United States v. Orocio, 645 F.3d 630 (3d Cir. 2011) (3d Cir. 2011) (retroactive).  On February 20, 2013, however, the Supreme Court resolved the conflict and unambiguously held that Padilla set forth a new rule of criminal procedure that does not apply retroactively to cases on collateral review.  See Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013) ("We conclude that, under the principles set out in Teague . . . Padilla does not have retroactive effect.").

The law is now clear that Carmen-Iglesias, like other defendants whose convictions became final prior to Padilla, cannot avail herself of its holding in a collateral proceeding.  See id. at 1113 ("Under Teague, defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding.").[1]

---

[1]  Like the petitioner in Chaidez, Carmen-Iglesias does not argue that either of the two Teague exceptions -- for substantive rules placing "private individual conduct beyond the power of the criminal law-making authority to proscribe" or for "watershed rules of criminal procedure," Teague, 489 U.S. at 311 -- is relevant here.  See Chaidez, 133 S. Ct. at 1107 n.3.  In any event, the exceptions would be of no help to Carmen-Iglesias because the rule in Padilla is plainly not a substantive one that places private individual conduct beyond the reach of the criminal law, and

Accordingly, we affirm the district court's order denying Carmen-Iglesias's petition.[2]

**AFFIRMED**.

---

we have prior precedent squarely holding that the rule in Padilla is not a watershed rule of criminal procedure.  See Figuereo-Sanchez v. United States, 678 F.3d 1203, 1209 (11th Cir. 2012) ("[W]e conclude that Padilla did not announce a watershed rule of criminal procedure.").

[2]  Although the district court did not deny Carmen-Iglesias's petition on Padilla retroactivity grounds, we "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Powers v. United States, 996 F.2d 1121, 1123-24 (11th Cir. 1993).

In addition, for purposes of this decision, we assume without deciding that a claim of ineffective assistance of counsel will lie in coram nobis and that Carmen-Iglesias's petition was timely filed.  We need not address these issues because Carmen-Iglesias cannot bring a claim based on Padilla in any event.  Cf. Chaidez, 133 S. Ct. at 1106 n.1 ("Chaidez and the Government agree that nothing in this case turns on the difference between a coram nobis petition and a habeas petition, and we assume without deciding that they are correct.").