[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13338
Non-Argument Calendar
_____

D.C. Docket Nos. 8:11-cv-00682-SDM-TBM,

8:93-cr-00245-RAL-1


ORESTE LLANES,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Oreste Llanes, a Cuban citizen facing deportation, appeals the district court's denial of his petition for a writ of *coram nobis*. According to his petition, Llanes pleaded guilty in 1993 to federal drug charges and served an 84-month sentence. After his release, Llanes was informed that he would be deported. In 2011, Llanes petitioned for a writ of *coram nobis*,[1] challenging his 1993 conviction on the grounds that counsel failed to inform him of the immigration consequences of his guilty plea. His argument was based upon *Padilla v. Kentucky*, 559 U.S. 356 (2010), which held that the Sixth Amendment requires counsel to inform noncitizen criminal defendants that pleading guilty may result in deportation.

As Llanes concedes, *Padilla* was decided after his conviction became final and thus could only serve as a basis for his petition if it is retroactively applicable to cases on collateral review.[2] When Llanes filed his petition and briefed this appeal, the retroactivity of *Padilla* was an unsettled question. *See Chaidez v. United States*, — U.S. — , 133 S.Ct. 1103, 1107 n.2 (2013) (collecting cases). But in February, the Supreme Court resolved the conflict and held that *Padilla* does not apply retroactively to cases on collateral review. *Id.* at 1113 ("[D]efendants whose

---

[1] We assume, without deciding, that an ineffective-assistance claim is cognizable in a *coram nobis* petition. *See Chaidez v. United States*, — U.S. — , 133 S. Ct. 1103, 1106 n.1 (2013) (assuming "without deciding" that "nothing in this case turns on the difference between a *coram nobis* petition and a habeas petition").

[2] Llanes's apparent contention (confusingly argued under the Florida Supreme Court's decision in *Witt v. State*, 387 So. 2d 922 (Fla. 1980), which is flatly inapplicable to Llanes's federal conviction) that *Padilla* applies retroactively even as a "new rule" under the exception for "watershed" rules of criminal procedure, *see Teague v. Lane*, 489 U.S. 288, 311-12 (1989), is squarely foreclosed by this court's precedent. *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1209 (11th Cir. 2012) ("*Padilla* did not announce a watershed rule of criminal procedure.").

convictions became final prior to *Padilla* . . . cannot benefit from its holding.").

Accordingly, the district court did not err in denying Llanes's petition.

**AFFIRMED.**