[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10958
Non-Argument Calendar
_____

D.C. Docket Nos. 3:11-cv-00720-TJC-JBT,
3:04-cr-00202-TJC-JBT-1

TONY EDWARD DIXON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2014)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Tony Edward Dixon, a federal prisoner proceeding *pro se*, appeals the

district court's dismissal of his 28 U.S.C. § 2255 motion to vacate as time barred.

The district court dismissed Dixon's motion because it determined that the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265 (2010), did not apply retroactively, and Dixon's motion could have been timely only if it did. Dixon argues that *Johnson* applies retroactively and that his § 2255 motion was timely filed within one year of that decision. He also contends that, based on *Johnson*, he was erroneously sentenced as an armed career criminal. The government agrees that *Johnson* is retroactive but argues that other reasons support affirming. For the reasons that follow, we affirm the district court's dismissal of Dixon's motion.

## I.

Dixon pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). The presentence investigation report ("PSR") indicated that the 15-year mandatory minimum set forth in 18 U.S.C. § 924(e)(1) applied to Dixon, due in part to a 1983 Florida conviction for aggravated battery under Fla. Stat. § 784.045. In April 2005, the federal district court sentenced Dixon to 180 months' imprisonment, the minimum term under § 924(e)(1). Dixon appealed, and we affirmed on November 30, 2005, after determining that the grounds for Dixon's appeal were without merit. *United States v. Dixon*, 158 F. App'x 202 (11th Cir. 2005).

2

Over five years later, Dixon filed his initial § 2255 motion, raising one claim. He asserted that the aggravated battery conviction should not have been considered a "violent felony" under the Armed Career Criminal Act ("ACCA"), § 924(e), relying on the Supreme Court's opinion in *Johnson*. Specifically, he contended that the conviction was not a violent felony because he had pled guilty to the lesser included offense of "culpable negligence." *Johnson* was issued on March 2, 2010.

Dixon signed and dated the § 2255 motion on February 3, 2011, and declared under penalty of perjury that the motion was placed in the prison mailing system on that date. The district court, however, did not receive a copy of the motion until July 20, 2011. After obtaining from the district court clerk's office a copy of the envelope in which the motion was mailed, the government moved to dismiss Dixon's motion as untimely. According to the government, Dixon did not tender the motion to prison officials for mailing until July 10, 2011, so his motion was not timely filed within one year of *Johnson*. Dixon responded that he had not attempted to manipulate the court by backdating the motion and that correspondence between him and the clerk's office showed that he had submitted the motion earlier than the government suggests, though the motion may not have been received by the court for unknown reasons.

3

The district court, "assuming without deciding" that Dixon's motion was filed on February 3, 2011, nonetheless concluded that his motion was untimely because *Johnson* did not announce a new rule that was retroactively applicable to cases on collateral review. Upon determining that *Johnson* was not retroactively applicable, the court reasoned that *Johnson* did not restart the time to file a § 2255 motion. Because Dixon did not file within one year of when his conviction became final in February 2007, the court dismissed Dixon's § 2255 motion as untimely and denied a certificate of appealability ("COA").

Dixon now brings this appeal. We granted a COA on the following issue: "Whether the district court erred in finding that Dixon's 28 U.S.C. § 2255 motion to vacate was untimely filed?"

## II.

We review *de novo* a district court's determination that a § 2255 motion to vacate is time barred. *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007). Our review of an unsuccessful § 2255 motion is limited to the issues specified in the COA. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

## III.

A prisoner who is in custody under a federal sentence may move the district court to vacate, set aside, or correct his sentence if he claims the right to his release

4

upon the ground that his sentence was imposed in violation of the Constitution or federal law, that the district court lacked jurisdiction to impose his sentence, that his sentence exceeded the maximum authorized by law, or that his sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Dixon's claim that he was erroneously sentenced under the ACCA is cognizable in an initial § 2255 motion because, if true, his sentence exceeded the maximum authorized by law. A defendant convicted of being a felon in possession of a firearm, in violation of § 922(g), ordinarily is subject to a maximum term of 10 years' imprisonment. 18 U.S.C. § 924(a)(2). Under the ACCA, however, the same defendant is subject to a minimum term of fifteen years' imprisonment if he has three previous convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1).

Even with a qualifying claim, a federal prisoner must nonetheless file a motion to vacate in a timely fashion. Typically, a federal prisoner has one year from the date that his conviction became final to seek § 2255 relief in federal district court. *See* 28 U.S.C. § 2255(f)(1). However, § 2255 grants an additional one year for prisoners to file a motion to vacate from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). A court other than the Supreme Court may

5

determine retroactivity under § 2255(f)(3).  *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012).

To determine whether a case is retroactively applicable, we have applied the rubric developed in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).  Under *Teague*, we first ask whether the Supreme Court announced a new rule in the decision in question.  *Figuereo-Sanchez*, 678 F.3d at 1207.  If so, we then ask "whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review."  *Id.* at 1208.  For a new rule to apply retroactively, it must be "substantive" in that it "alters the range of conduct or the class of persons that the law punishes," or, if it is "procedural," it must be a "watershed rule[] of criminal procedure."  *Schriro v. Summerlin*, 542 U.S. 348, 351-53, 124 S. Ct. 2519 (2004) (quotations omitted); *see Figuereo-Sanchez*, 678 F.3d at 1208.

Under the "elements clause" of the ACCA, the term "violent felony" means any crime punishable by imprisonment for a term of more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[1]  18 U.S.C § 924(e)(2)(B)(i).  In *Johnson*, the Court defined the term "physical force" in that clause to mean "violent force—that is, force

---

[1] Under the "residual clause," the term "violent felony" also means any crime punishable by imprisonment for a term of more than one year that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 824(e)(2)(B)(ii).

capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S. Ct. 1265.

A Florida battery offense, however, requires only the slightest intentional physical contact, and a defendant could commit the offense through, for example, a non-consensual tap on the shoulder. *See id*., 559 U.S. at 138, 130 S. Ct. 1265 (citation omitted). Accordingly, *Johnson* held that a Florida battery offense under Fla. Stat. § 784.03[2] does not categorically meet the elements clause's physical-force requirement, and, therefore, does not categorically constitute a violent felony under the elements clause. *See id*., 559 U.S. at 135-45, 130 S. Ct. 1265.

The Supreme Court, however, emphasized that, despite its holding, the "modified categorical approach" remains a viable means of proving that the defendant's prior Florida battery conviction constituted a violent felony.[3] *See id*. at 144, 130 S. Ct. 1265. When a prior conviction is for violating a divisible statute (setting out alternative ways that an offense can be committed), courts may apply the "modified categorical approach" to determine which alternative formed the basis of the defendant's prior conviction. *Johnson*, 559 U.S. at 144, 130 S. Ct. 1265; *see also Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In this

---

[2] In Florida, a person commits a battery if he actually and intentionally touches or strikes another person against that person's will or intentionally causes bodily harm to another person. Fla. Stat. § 784.03(1)(a).

[3] Moreover, *Johnson* did not address whether a Florida battery conviction constitutes a violent felony under the ACCA's residual clause. *Rozier v. United States*, 701 F.3d 681, 685 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1740 (2013).

analysis, a court may consult a limited class of documents from the state trial record, "including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson*, 559 U.S. at 144, 130 S. Ct. 1265.

The parties agree that *Johnson*, decided by the Court on March 2, 2010, recognized a new substantive rule that should be applied retroactively. Furthermore, it appears that *Johnson* impacts the analysis of whether Dixon's aggravated battery conviction under Fla. Stat. § 784.045 qualifies as a violent felony.[4] The statute is divisible in that it specifies alternative ways of committing aggravated battery. Under § 784.045(1)(a), "A person commits aggravated battery who, in committing battery: 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or 2. Uses a deadly weapon." Under § 784.045(1)(b), however, a person can also commit aggravated battery "if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant."

In light of *Johnson*, a conviction for aggravated battery under § 784.045 is not categorically a violent felony under the elements clause because, under §

---

[4] Aggravated battery under § 784.045 is a second-degree felony with a maximum term of imprisonment of fifteen years, *see* Fla. Stat. § 775.082, unless other enhancements apply, *see, e.g.*, Fla. Stat. §§ 775.084 and 775.087.

784.045(1)(b), the offense can be committed by non-consensual intentional touching of a victim who is pregnant. *See Johnson*, 559 U.S. at 137-45, 130 S. Ct. 1265; *Small v. State*, 889 So. 2d 862, 863-64 (Fla. Dist. Ct. App. 2004) (discussing the elements of § 784.045(1)(b)). Nonetheless, though, it is clear that a conviction under either prong of § 784.045(1)(a) constitutes a violent felony for the ACCA because violent physical force is an element of the offense. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir.), *cert. denied*, 133 S. Ct. 2873 (2013).

Notwithstanding the limited scope of the COA, the government asks that we affirm the district court on the ground that the circumstances indicated in the PSR combined with Dixon's admission at the plea colloquy show that he was convicted of § 784.045(1)(a). *See Rozier v. United States*, 701 F.3d 681, 686 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1740 (2013) ("[W]hen determining whether an offense is a violent felony (or crime of violence) under the modified categorical approach, a district court can rely on the facts set forth in the [PSR] if they are undisputed and thereby deemed admitted."). The PSR described the offense, committed when Dixon was eighteen years old, as follows: "Circumstances reflect that on August 10, 1986, the defendant fired a handgun at his girlfriend and another male individual. The male victim was shot on the hand."

9

While the information in the PSR alone is insufficient for us to affirm on other grounds because it merely indicates that Dixon hypothetically could have been convicted of aggravated battery on the male victim, the record here reveals that, in support of a motion that Dixon filed seeking reconsideration, Dixon filed the information and judgment in the state-court case where he was convicted of violating § 784.045. This Court "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the [district court]." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). The state-court information conclusively demonstrates that Dixon was charged with violating the violent-felony version of § 784.045 in that it charges Dixon with "unlawfully commit[ting] a battery upon Dewayne Victor Smith, by actually and intentionally touching or striking the said . . . Smith against his will and in committing the said battery . . . us[ing] a deadly weapon, to-wit: a pistol . . . ." Moreover, the judgment in the Florida case reflects that Dixon was convicted of "Count 1," which is the charge described above. Thus, based on these documents and the details set forth by the PSR, it is clear that Dixon was convicted of committing an aggravated battery on the man present, not on his girlfriend. Necessarily, then, he was convicted under §784.045(1)(a), which categorically qualifies as a violent felony, and, even if Dixon timely filed his

10

motion and *Johnson* applies retroactively, no error occurred when the district court sentenced Dixon as an armed career criminal.

Nor, as Dixon contends, does the record contain any support for his contention that he was actually convicted only of "culpable negligence" based on self-defense, not aggravated battery. On the contrary, the record soundly refutes Dixon's contention. The judgment entered in the Florida case states that Dixon was convicted of Fla. Stat. § 784.045, which is the "[a]ggravated battery" statute.[5] The separate crime of "culpable negligence" is found at Fla. Stat § 784.05, and Dixon's judgment does not reflect anywhere on it that that is what he was convicted of.

## IV.

Because the record demonstratively shows that Dixon was convicted of the version of § 784.045 that qualifies as a violent felony, even if he timely filed his motion and *Johnson* applies retroactively, no error occurred when the district court sentenced Dixon as an armed career criminal. Accordingly, we affirm the district court's dismissal of Dixon's motion.

**AFFIRMED.**

---

[5] The crime of aggravated battery is found in Chapter 784, Fla. Stat., which is entitled, "Assault; Battery; Culpable Negligence."