[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10168
Non-Argument Calendar

_____

D.C. Docket Nos. 0:17-cv-62428-FAM,
0:12-cr-60049-FAM-1

ROGERIO CHAVES SCOTTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 7, 2019)

Before ED CARNES, Chief Judge, JILL PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Rogerio Chaves Scotton, a federal prisoner, has filed numerous pro se post-conviction motions.  The district court recharacterized two of those motions as motions for post-conviction relief under 28 U.S.C. § 2255.  Both times it did so without giving Scotton the warnings required under Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003):  It didn't warn him that it was recharacterizing those two motions as § 2255 motions; it didn't warn him that this recharacterization meant any later § 2255 motion he filed would be subject to the restrictions on second or successive motions under § 2255(h); and it didn't give him an opportunity to withdraw or amend the motions before the court recharacterized them.  See id. at 383, 124 S. Ct. at 792.  So neither of those motions can "be considered to have become a § 2255 motion for purposes of applying to later motions the law's second or successive restrictions."  Id. (quotation marks omitted); see Figuereo-Sanchez v. United States, 678 F.3d 1203, 1206 (11th Cir. 2012) ("[T]he rule in Castro [is] categorical and mandatory, and therefore not subject to exception.") (quotation marks omitted).

But when Scotton later filed the present pro se motion — which he characterized as a § 2255 motion, the first time he has characterized a motion as such — the district court treated it as a second or successive § 2255 motion and denied it because the motion did not meet the requirements of § 2255(h).  Because Scotton's previous motions were recharacterized without the required notice and

warning, the district court erred in dismissing his present motion as an

unauthorized second or successive petition.[1]

**VACATED AND REMANDED.**

---

[1] The government concedes that the district court erred, and the government has waived any other arguments it may have to affirm the dismissal of Scotton's motion on other grounds.