[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10016

Non-Argument Calendar

_____

DARIUS TAUREAN CALDWELL,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02884-MHC

_____

Before WILSON, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In April 2018, a jury convicted Darius Taurean Caldwell on multiple counts stemming from an armed bank robbery. The district court sentenced him to a total of 384 months and one day of imprisonment. This court affirmed Caldwell's conviction and sentence in June 2020, *see United States v. Caldwell*, 963 F.3d 1067 (11th Cir. 2020), and the Supreme Court denied his petition for a writ of certiorari in November 2020, *see Caldwell v. United States*, No. 20-5957, 141 S. Ct. 836 (2020).

In February 2021, Caldwell filed a *pro se* 28 U.S.C. § 2255 motion, asserting four grounds for relief. In May 2021, following the government's response, Caldwell filed a motion to withdraw that motion, which the district court granted. A few weeks later, in June, Caldwell submitted a series of motions requesting the appointment of counsel and identifying perceived reasons for a sentence reduction. The district court construed Caldwell's first submission in this series as both a request for counsel and a motion to vacate his sentence under § 2255 (the "June Motion"). In doing so, the court did not provide all the warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003). The government responded in early August, and a month later, the magistrate judge issued a Report and Recommendation (R&R), which recommended denying Caldwell's June Motion.

In October 2021, prior to the district court ruling on the June Motion, Caldwell filed another *pro se* motion to vacate, set aside, or correct his sentence under § 2255 (the "October Motion"). The district court ordered the government to respond.

Then, in November 2021, the district court adopted the magistrate judge's R&R and denied Caldwell's June Motion. Subsequently, the government moved to dismiss the October Motion as an impermissible second or successive motion under 28 U.S.C. § 2255(h).

In December 2021, Caldwell filed a motion for a certificate of appealability for the denial of his June Motion. In March 2022, after clearing up jurisdictional concerns, this court granted the certificate on the following issue:

> Whether the district court erred by recharacterizing Mr. Caldwell's first motion for appointment of counsel as a 28 U.S.C. § 2255 motion to vacate, without considering Mr. Caldwell's intentions, and when it did not give any warning under *Castro v. United States*, 540 U.S. 375 (2003), and whether the court erred by not treating Mr. Caldwell's October 2021 § 2255 motion as either an amendment to the construed § 2255 motion or as the new operative pleading?

*Caldwell v. United States*, No. 22-10016-E, *Order* at 2–3 (11th Cir. June 7, 2022). This court subsequently appointed the Federal Public Defender for the Northern District of Georgia to represent Mr. Caldwell. *Caldwell v. United States*, No. 22-10016E, *Order* (11th Cir. Sept. 1, 2022).

Importantly, both Caldwell's October § 2255 motion and the government's responsive motion to dismiss remain pending before the district court.

## I.

"On an appeal of a § 2255 motion to vacate, we review legal issues *de novo* and factual findings for clear error." *McKathan v. United States*, 969 F.3d 1213, 1222 (11th Cir. 2020).

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quoting *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990)). Courts may ultimately decide to recharacterize a *pro se* filing "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro*, 540 U.S. at 381–82 (citations omitted). Recognizing the potential adverse consequences that may result from a district court taking the exceptional step of *sua sponte* recharacterizing a *pro se* motion into a § 2255 motion,[1] the Supreme Court

---

[1] 28 U.S.C. § 2255(h) places heightened restrictions on "second or successive" motions brought under the section. In particular, a litigant must have an appellate court certify that the new motion contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule

fashioned what this court has described as a "categorical and mandatory" rule "not subject to exception." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1206 (11th Cir. 2012). The Supreme Court held that when a district court recharacterizes a *pro se* motion as a first § 2255 motion, the district court must provide three warnings—what have become known as the "*Castro* warnings." *See Castro*, 540 U.S. at 383. More specifically, the district court must 1) "notify the *pro se* litigant that it intends to recharacterize the pleading," 2) "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and 3) "provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id*. If a district court fails to provide a *pro se* litigant with these warnings, then that litigant's "motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id*. That is, as a result of the district court's failure to provide the warnings after the first § 2255 motion, the next § 2255 motion cannot be considered second or successive.

---

of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

## II.

The parties agree that the district court failed to provide Caldwell with the requisite warnings when it characterized his June Motion as a § 2255 motion. We join them in that agreement.[2]

The parties disagree, however, on the appropriate remedy. For his part, Caldwell notes that *Castro* dealt with an appeal from the denial of a § 2255 motion as second or successive. In cases like

---

[2] Because we agree that the requisite *Castro* warnings were not given, and because of the remedy provided in the discussion below, we need not address whether it was proper to construe the June Motion as a § 2255 motion in the first instance.

In addition, Caldwell argues that the district court abused its discretion by not *sua sponte* construing his October Motion as an amendment to his June Motion. However, Caldwell's two motions raised very different issues. As the magistrate judge noted, Caldwell's June Motion—in combination with his other motions in the "series" noted above—argued that 1) his convictions for armed bank robbery are not crimes of violence under 18 U.S.C. § 924(c); 2) his crimes are akin to a Hobbs Act Robbery and are therefore not qualifying offenses under the relevant criminal statutes; 3) U.S.S.G. § 4b1.2 is constitutionally vague; and 4) there is an unjustifiable disparity between his sentence and similarly situated defendants today. In contrast, Caldwell's October Motion argued that 1) his counsel was ineffective; 2) the government failed to show he was in possession of a firearm; 3) testimony at trial regarding an incriminating piece of evidence was false or misleading; 4) evidence clearly showed he was not the bank robber; and 5) he was actually innocent. While we may have treated the October Motion differently, given the stark differences between the two pleadings, and given Caldwell filed his October Motion more than two months after the government responded to his June Motion, we cannot say the district court abused its discretion by not *sua sponte* recharacterizing the October Motion as a motion to amend.

22-10016                    Opinion of the Court                    7

that, where a court fails to give *Castro* warnings for the first motion and subsequently denies the second motion for being second or successive, the remedy is clear: the court must consider the second motion unburdened by § 2255(h)'s restrictions. Caldwell argues that his case is distinguishable. Here, Caldwell is appealing from the denial of his *initial* § 2255 motion, while his second motion is still pending. Caldwell points out that we do not have any published caselaw addressing this situation and contends that in circumstances such as these, we should reverse or vacate the district court's order regarding the initial June Motion and remand with instructions to allow him to raise all the § 2255 claims he possesses. In the alternative, we should remand with instructions to consider his timely and pending October Motion and permit him to add any other claims he has.

Unsurprisingly, the government takes a different position. The government argues that our precedent confines what we may do, and that the only option is to affirm the district court's decision regarding Caldwell's June Motion and remand with instructions to treat his October Motion as the operative pleading. And while the government supports the proposition of permitting Caldwell to supplement his October Motion in order to strengthen his current claims, it rejects the notion that he should be able to add claims, since doing so would subvert § 2255's time restrictions.[3]

---

[3] 28 U.S.C. § 2255(f) places a one-year period of limitation on motions brought under § 2255. Relevant here, Caldwell's claims would likely have to be

We agree with the government. *Castro*'s directive is quite clear. When a district court fails to give a *pro se* litigant the required warnings, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Castro*, 540 U.S. at 383. *Castro* goes no further than that, and neither do we. So here, because the district court failed to provide Caldwell the required warnings for his initial June Motion, that motion cannot be used as a basis for finding his October Motion to be second or successive.

Caldwell raises two concerns. First, he argues that under this rule, *pro se* litigants who appeal a decision regarding their initial § 2255 motion will find a second motion barred by § 2255(f)'s one-year period of limitation by time we issue a decision regarding *Castro*'s application. Second, he argues that this rule does not adequately account for the prophylactic requirements set forth in *Castro*. *Castro* made these warnings mandatory because of their importance in informing litigants of what steps they should take after a court makes a § 2255 recharacterization. *See id.* at 384. The appropriate remedy, then, is to put the litigants in the same place they would have been had the error not occurred and had they received the *Castro* warnings in the first instance.

As to Caldwell's first point, this case does not require us to address a scenario in which a litigant's appeal of his initial § 2255 motion is pending when § 2255(f)'s time limitation creates a

---

brought within one year from "the date on which [his] judgment of conviction [became] final." *Id.* § 2255(f)(1).

barrier.  Here, Caldwell timely filed his October Motion.  Because we need not address it, we decline to.  As to Caldwell's second point, *Castro* recognized the prophylactic and mandatory nature of the warnings it created.  Yet, *Castro* already prescribed the limited remedy for a violation of its "categorical and mandatory" rule to provide those warnings, *Figuereo-Sanchez*, 678 F.3d at 1206, and that remedy is simply to not consider an initial § 2255 motion as a basis for finding a later one second or successive, *Castro*, 540 U.S. at 383.  And it is precisely that remedy that we order today.  The district court may not consider Caldwell's October Motion second and successive, and must instead consider it as his timely, operative pleading.

Still, Caldwell argues that he should be permitted to amend his October Motion with all the claims he possesses.  However, this would go beyond the limited remedy created in *Castro* and would permit Caldwell to bring claims well after § 2255(f)'s one-year time limit.  In fact, such a remedy makes even less sense here where Caldwell appears to have thoroughly considered the claims that he wished to bring in his October Motion, which he deliberately fashioned as a § 2255 motion.  We therefore decline to open the gates to any and all additional claims not already brought in Caldwell's October Motion.  However, we note that Caldwell *may* add new claims *if* they "relate back" to the date of his October Motion, *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000), and a district court "should freely give leave [to amend with such claims]

when justice so requires," Fed. R. Civ. P. 15(a)(2).[4]  Therefore, while Caldwell must be permitted to supplement his October Motion to strengthen his existing claims and should generally be permitted to amend with any claims that properly relate back to that October Motion, he is not free to add any claims whatsoever.

## III.

The district court's order regarding Caldwell's June Motion is therefore **affirmed.**  The district court is **ordered** to treat Caldwell's timely October Motion as the operative pleading; permit Caldwell to supplement that motion in order to strengthen his existing claims; and, consistent with Federal Rule of Civil Procedure 15, consider any claims that properly relate back to Caldwell's October Motion.

**AFFIRMED and SO ORDERED.**

---

[4] Typically, under Federal Rule of Civil Procedure 15(c)(1), a claim relates back if it arises "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  However, in the § 2255 context, for an otherwise untimely claim to relate back, it "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003).  "The untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (quoting *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)).